*873 Opinion.
GeebN :
The issues are set forth above and will be discussed in the order given.
The first issue involved is whether the Commissioner erred in refusing to allow as a deduction from gross income in 1919 an item of $5,000 paid by the petitioner to one of its salesmen, who in turn paid the money over to certain contractors for their use in enabling themselves to obtain certain municipal contracts, for which the petitioner hoped to furnish to the contractors the material necessary to perform the contracts obtained by them with the use of the petitioner’s money. We do not have sufficient evidence upon which to base a determination that this is an ordinary and necessary expense of the taxable year. This issue is very similar to the issue involved in the Appeal of National Concrete Co., 3 B. T. A. 777, wherein we said in part:
By not furnishing sufficient evidence of the alleged expenditures, the taxpayer has failed in its proof of ordinary and necessary business expense; also, as is pointed out, the Commissioner is unable to check up or compute the income of the unknown persons alleged to have received this money, as the taxpayer has failed to comply with section 256 of the Revenue Act of 1918 * * *.
We, therefore, sustain the Commissioner’s determination on the first issue.
*874 Respecting the second issue, the petitioner carried on its books an account under the caption of “ Current Surplus.” It debited and credited to this account all items which, in its opinion, were applicable to years other than the current year. This account was established approximately 30 year's prior to the years here involved. It had been the consistent practice of the petitioner to close out this account at the end of each year direct to surplus but after the enactment of the income-tax laws, the petitioner adopted the practice of reflecting the net balance of the “ Current Surplus ” account in the net income for the current taxable year. If a debit balance existed in the account at the close of the year, it was claimed as a deduction from gross income and likewise, if a credit balance existed, it was reported as a part of the gross income. After eliminating a credit item to this account in 1919 of $11,470.07, representing a restoration to surplus of a reserve for Federal income taxes of prior years and therefore clearly not an item of income in any year, the remaining debit balance to the “ Current Surplus ” account in 1919 is $7,597.10. In 1920 a debit balance existed in the account of $6,121.98. It is the petitioner’s contention that these debit balances of $7,597.10 and $6,121.98 should be allowed as deductions from gross income in 1919 and 1920, respectively, in accordance with that part of article 112 of Regulations 69 and 65 (and article 111 of Regulations 62) reading as follows
It is recognized, however, that particularly in a going business of any magnitude there are certain overlapping items both of income and deduction, and so long as these overlapping items do not materially distort the income, they may be included in the year in which the taxpayer, pursuant to a consistent policy, takes them into his accounts.
There was no such provision in any of the regulations prior to Regulations 62.
The record is not clear as to the action taken by the Commissioner on this point. Both parties in their briefs make statements to the effect that because the Commissioner was of the opinion that most of these debit and credit items in 1919 and 1920 were adjustments pertaining to 1918 and 1919, respectively, the Commissioner in determining the deficiencies here in question allowed the debit balance of 1920 of $6,121.98 as a deduction for the year 1919, and allowed the debit balance which existed in 1921 of $2,741.66 as a deduction for the year 1920. The deficiency letter attached to the petition, however, contains the following statement:
EXPLANATION OF ITEMS UNCHANGED
The information furnished regarding the following items has been given careful consideration but has not been considered sufficient to allow them as deductions in arriving at the taxable net income.
*875 Adjustments to current surplus account, net decrease-$6,121.98
***** * *
Adjustment to Surplus account-$2, 741.66
But regardless of the action taken by the Commissioner in his deficiency letter, he now concedes in his brief that 111 of the 311 items in question were the kind of items contemplated by article 112, swpra. Neither party questions the validity of the article itself. Under such circumstances the Board will do no more than examine the remaining 200 items still in dispute between the parties with a view of ascertaining which, if any, of such items were of the kind contemplated by the respondent’s regulations. The question thus narrows itself to a determination of which items, if any, of the remaining 200 would not “ materially distort the income ” if permitted to be included as deductions or income “ in the year in which the taxpayer, pursuant to a consistent policy, takes them into his accounts.” In determining this question we have given consideration to the nature, size, and quantity of the items together with the kind and magnitude of the petitioner’s business. We have set out in our findings of fact 3 debit items to “ Current Surplus ” during 1919 in the amount of $4,904.42, 6 credit items to “ Current Surplus ” during 1919 in the amount of $16,108.23, and 2 debit items to “ Current Surplus ” during 1920 in the amount of $2,349.84 which in our opinion are not the kind of items contemplated by article 112, sufra. These 11 items should in our opinion be excluded from the “ Current Surplus” account and treated as separate and distinct issues by themselves. A tabulation of our findings in connection with the “ Current Surplus ” account is as follows:
[[Image here]]
It now remains to be considered whether any of the 11 items excluded from the “Current Surplus” account should either be *876 allowed as deductions or included in income for either the year 1919 or 1920. The first item of $1,133.05, key No. 10, is clearly not an allowable deduction in either 1919 or 1920. The record with respect to items bearing key numbers 26, 39, 63, 66, 91, 92, 117, and 138, does not contain sufficient evidence to enable the Board to pass upon them other than that in our opinion they are not the kind of items contemplated by article 112, supra. Item bearing key No. 93, in the amount of $290.59, is not income. It was a liability existing on the petitioner’s books at the close of 1919 which the petitioner paid in 1920. The last item, in the amount of $11,470.07, key No. 94, is clearly not income in any year. It was merely the restoration to the regular surplus account of a reserve previously set up for income taxes which does not constitute the realization of taxable income.
For the taxable year 1919, the amount of $3,655.80 should be included in gross income and the amount of $10,986.65 should be allowed as deductions. Likewise, for the taxable year 1920, the amount of $4,252.49 should be included in gross income and $8,024.63 allowed as deductions.
In connection with the third issue, the petitioner is entitled to a deduction in 1920 of interest incurred in the amount of $21.42. The street improvement tax of $290.59 is not deductible. Appeal of Caldwell Milling Co., 3 B. T. A. 1232.
The question presented in the fourth issue is whether the expenditures made in connection with the Emerson Efficiency System were capital expenditures or ordinary and necessary expenses. Before answering this question, it is necessary first to dispose of a jurisdictional question. As a step in determining the correct invested capital for the years involved in this proceeding, namely, 1919 and 1920, has the Board jurisdiction to determine the correct tax liability for the year 1917 ?
Section 274(g) of the Revenue Act of 1926 reads as follows:
The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.
The petitioner contends that the amounts expended for the Emerson Efficiency System were capital expenditures, having a useful life of five years; that by reason of the abandonment of the system in 1917 the Commissioner should have allowed as a deduction in that year the amount of $22,227.91 instead of only $1,502.21; that by reason of that error, the tax liability for 1917 should have been $19,403.57 less, or $51,879.69 instead of $71,283.26; and that this difference of $19,403.57 should be included in invested capital for 1919 and 1920.
*877 In Appeal of Hamilton Manufacturing Co., 3 B. T. A. 1045, the redetermination of a deficiency for 1919 was involved. The petitioner there contended that it had overpaid its taxes for the years 2912, 1913, 1917, and 1918, and that the Board should determine the correct taxes for those years in order to arrive at the correct invested capital for 1919. The Board in denying the petitioner’s contention in that case said:
The Board finds no merit in the taxpayer’s contention that the amount of claims for refunds of Federal taxes pending unadjusted before the Commissioner should be included in its invested capital for the taxable year. It may be that eventually such refunds will be paid, and if so it may then become necessary to readjust invested capital and tax liability for the years affected by such payments. Determinations of tax liability by the Commissioner are prima facie evidence that the amounts so determined are due, and until reversed by him or by competent tribunals must be accepted as final ascertainments as to the matters involved. To adopt the rule suggested by the taxpayer would establish an endless-chain system of readjustments of tax liability equally unsatisfactory to the Government and to taxpayers.
In the instant case, however, the petitioner did not pay the $19,403.57 additional tax for 1917 until some time after April 16, 1923, the date its abatement claim for that amount was rejected by the Commissioner. Under such circumstances, we think that under section 274(g), supra, the Board had jurisdiction to determine, for the purpose of arriving at the correct invested capital for 1919 and 1920, the question whether a liability existed for additional 1917 taxes in the amount of $19,403.57.
On the merits of the question as to whether the efficiency system expenditures were of a capital nature or merely ordinary and necessary business expenses, we decide in favor of the respondent. The expenditures are analogous to several classes of business expenses which the statute allows as deductions from gross income. The engaging of the engineers may be likened to the employment of a more efficient management or to the installation or revision of an accounting system or to the conducting of a school for the training of employees. The compensation paid the engineers under any of such circumstances would be deductible as an ordinary and necessary business expense. See Appeal of Schlosser Bros., Inc., 2 B. T. A. 137. We conclude that the liability for the tax existed, that the amount thereof should have been accrued, and that the Commissioner’s action with reference thereto was correct.
The deficiencies should be recomputed in accordance with the foregoing opinion.
Reviewed by the Board.

Judgment will be entered on 15 days' notice, under Rule 50.

Smith dissents on the second point.